# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JULIUS LAROSA EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:06CV118 |
| | ) | 1:96CR222-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Julius Larosa Evans, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has moved to dismiss petitioner's motion because it is barred by the one-year statute of limitation period of section 2255. Petitioner has filed a response to the government's motion, and the matter is now ready for ruling.

On February 18, 1997, Petitioner pled guilty to a drug conspiracy based on possession with intent to distribute and distribution of cocaine base and cocaine hydrochloride and possession of cocaine hydrochloride with intent to manufacture cocaine base. (Docket nos. 1, 125 (criminal case)). He was sentenced to 360 months of imprisonment. (Id. docket no. 127) Petitioner next pursued an appeal with the Fourth Circuit Court of Appeals, but this was denied on April 22, 1998. (Id. docket nos. 166, 167) He did not seek certiorari from the United States Supreme Court.

In this section 2255 motion, Petitioner raises two claims for relief. He asserts first that his attorney failed to investigate a prior conviction used to enhance Petitioner's sentence and then advised him to plead guilty to an amount of drugs that was higher than the amount listed in the indictment. Second, he claims that his guilty plea was involuntary because his attorney told him that he would get a life sentence if he did not plead guilty.

## **DISCUSSION**

The government requests dismissal on the ground that the motion was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply to all Section 2255 motions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). A petition for

---

[1] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

a writ of certiorari is timely filed within 90 days after entry of judgment by the court of appeals. SUP. CT. R. 13(1).

Here, Petitioner filed an appeal which was denied on May 18, 1998. Because he did not seek certiorari, his conviction became final 90 days later on July 22, 1998. He then had one year, or until July 22, 1999, to file a motion under section 2255.[2] Petitioner's motion is dated February 1, 2006,[3] and this date would have been the earliest that he could have delivered it to prison officials for filing. His motion is untimely under subsection one because the filing was made more than six years after the limitation period expired. Only if another subsection gives petitioner more time to file will his motion be timely.

Subsection two requires an unlawful governmental action which prevented Petitioner from filing his section 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion; therefore, subsection two does not give Petitioner a longer limitation period.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review.

---

[2]This date was calculated by Respondent. Petitioner has not objected to the date. In any event, even if the date is slightly incorrect, it has no impact on the case because petitioner's motion was filed years after the limitation period expired.

[3]Petitioner filed an earlier motion on January 12, 2006. It was dismissed without prejudice due to procedural defects. The filing of the first motion does not even arguably affect the outcome of the case because it, too, was filed years beyond the expiration of the limitation period.

Petitioner does not allege that he is relying upon any such right, and this subsection does not apply.

Subsection four allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner does not claim that he did not know of the facts supporting his claims at the time his conviction became final.

Rather than rely on any of the subsections mentioned above, Petitioner responds to Respondent's motion to dismiss by making a request for equitable tolling of the limitation period. The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Sandvik v. United States, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the defendant has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, 209 F.3d 325; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights, see Smith v. McGinnis, 208 F.3d 13 (2nd Cir. 2000); such as where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.

1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, 209 F.3d 325; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d at 1272. Nor are prison conditions, such as lockdowns or misplacement of legal papers normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, 544 U.S. 408.

Petitioner fails to show that equitable tolling applies in his case. He has waited for years to bring his claims and offers no explanation of any kind for the delay. His argument in favor of equitable tolling amounts to a contention that his motion should be heard because it has merit, and this does not meet the requirements for equitable tolling set out above. Accordingly, equitable tolling does not apply to Petitioner's case and his motion is untimely.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 3) be **GRANTED**, that Petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED,** and that Judgment be entered dismissing this action.

　　　　　　　　　　　　　　　　　　/s/ Wallace W. Dixon
　　　　　　　　　　　　　　　　　　Wallace W. Dixon
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

September 1, 2006